ACCEPTED
03-15-00017-CV
4247198
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/23/2015 1:20:01 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-00017-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2/23/2015 1:20:01 PM
JEFFREY D. KYLE
Clerk

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN

**Rose Ena Cantu,** *Appellant*
**vs.**
**Southern Insurance Company and Steve Dollery,** *Appellees*

Appeal from the 21st Judicial District Court, Bastrop County, Texas
Trial Court Cause No. 29,358
Hon. Carson Campbell, Presiding

**APPELLANT'S UNOPPOSED MOTION TO DISMISS APPEAL**

TO THE HONORABLE COURT OF APPEALS:

Appellant, Rose Ena Cantu, submits this unopposed Motion to Dismiss Appeal pursuant to Rule 42.1 of the Texas Rules of Appellate Procedure. Upon conference with counsel for Appellees, they are unopposed to the dismissal of this appeal.

**Background**

1.     Litigation between Rose Ena Cantu and Southern Insurance Company has occurred in the 21st District Court, the 193rd District Court, the 335th District Court, and in this Court. Trial courts have assigned some five different cause numbers to controversies

involving Mrs. Cantu and Insurance Company (one court assigned two due to a severance from its initial case), some of which also involve Adjuster. The first counterclaim appearing in Plaintiff's case file for litigation against Southern Insurance Company and Dollery following their severance from the original litigation in the 193rd District Court was Defendants' filing of February 4, 2015, denominated "Defendants Southern Insurance Company's and Steve Dollery's Second Amended Answer and Counterclaim". This was, obviously, not present on December 10, 2014, when the Honorable Judge Carson Campbell granted Defendant Southern Insurance Company's and Steve Dollery's Plea in Abatement, Motion to Dismiss and Motion to Sever and signed an Order to that effect – dismissing all Ms. Cantu's claims. Two different lawyers examined the file, found no counterclaim in it, and agreed that the Order disposed of all claims and parties to the severed case. Appeal was taken.

2.      Exhibit A shows the contents of Plaintiff's file of the appealed case. Following Plaintiff's Original Petition in the 193rd District Court (Cause No. DC-13-07869), Defendants Southern Insurance Company ("Insurance Company") and Steve Dollery ("Adjuster") filed an Answer on August 16, 2013. That Answer included no counterclaim. Ex. B. On November 5, 2013, the 193rd District Court entered an Order severing Cantu's claims from other plaintiffs' claims in that case. Ex. C. The Order required the severed case to be captioned *Rose Ena Cantu v. Southern Insurance Company and Steve Dollery*. Ex. C, p.2. The 193rd District Court assigned *Rose Ena*

*Cantu v. Southern Insurance Company and Steve Dollery* the cause number DC-14-10431. Although the 193rd District Court did not grant Insurance Company's or Adjuster's Motion to Transfer Venue, it *did* grant – following Insurance Company's and Adjuster's severance from their case, but before any action had been taken to correct or amend the caption in Cause No. DC-13-07869 – Allstate's and its adjusters' Motion to Transfer venue. That case was transferred to the 21st District Court in Bastrop, Texas and assigned the Cause No. 29,358.

3. On February 4, 2015, Insurance Company and Appraiser served a Counterclaim on Ms. Cantu. See Exs. A and D. She was unaware of a prior counterclaim. Upon service of Insurance Company's and Adjuster's Motion seeking fees in this Court, counsel for Ms. Cantu reviewed movants' exhibits and saw that Adjuster had made a counterclaim against Ms. Cantu on November 17, 2014 in Cause No. 29,358 before the 21st District Court. When served on Ms. Cantu originally, it had been filed with the materials in the Allstate case from which Insurance Company's case was severed by the 193rd District Court, and consequently not found with the materials in the case that included Insurance Company. Ex. C. There is now pending before the 21st District Court a Motion to Sever the claims dismissed in the Order of December 10, 2014; that Motion is set to be heard March 4, 2015. If granted, it would render the December 10, 2015 Order appealable.

**Governing Law**

4.     Premature appellate filings are not *per se* abusive as intimated by Insurance Company's and Adjuster.   The Texas Rules of Appellate Procedure contain two provisions expressly addressing premature appellate filings.   "In a civil case, a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal."  Rule 27.1(a), Tex. R. App. P. Moreover, "[t]he appellate court may treat actions taken before an appealable order is signed as relating to an appeal of that order and give them effect as if they had been taken after the order was signed."  Rule 27.2, Tex. R. App. P.

5.     Appellants are free to request dismissal by Motion.  Rule 42.1(a)(1), Tex. R. App. P.  Since the dispute over fees is likely to require counsel to spend more time and expend more costs and require their clients to incur more fees than simply re-filing the inadvertently premature Notice of Appeal following the date the underlying matter becomes appealable, Ms. Cantu prefers to dismiss and later re-file this appeal than to waste her time and this Court's on a fee dispute simply to stand on Rules 27.1(a) and 27.2 to render her appeal timely.

**Conclusion and Prayer**

6.     Appellant's premature Notice of Appeal was filed in the good-faith belief that the Order from which relief was sought was a final, appealable Order and that it disposed of all claims and all parties, and the Rules provide that this premature Notice of

Appeal should be deemed filed as soon as the subject Order does, in fact, become appealable. However, in the interest of preventing unnecessary disputes, Appellant has voluntarily filed a Motion to Dismiss the instant appeal so that an appeal can be taken at a later time when it is unlikely to generate unnecessary, delaying, and cost-generating controversy unrelated to its merits. The Court should grant the Motion, which is unopposed.

WHEREFORE, PREMISES CONSIDERED, Appellant Rose Ena Cantu respectfully requests that her appeal be dismissed by her request, and for such other and further relief to which is may be justly entitled.

Respectfully submitted,

_____
ROBERT L. COLLINS
Texas Bar No. 04618100
Audrey Guthrie
Texas Bar No. 24083116
P.O. Box 7726
Houston, TX 77270
Telephone: (713) 467-8884
Fax: (713) 467-8883
E-mail: HoustonLaw2@aol.com

CHRISTOPHER D. LEWIS
Texas Bar No. 24032546
1721 West T.C. Jester Blvd.
Houston, Texas 77008
E-mail: Lewis@Alumni.Duke.edu

**ATTORNEYS FOR APPELLANT,
ROSE ENA CANTU**

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word and contains 1140 words, as determined by the computer software's word-count function.

_____
Attorney for Rose Ena Cantu
Dated: February 23, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon the parties listed below through the Texas.gov Electronic Filing System of the Court of Appeals for the Fifth District of Texas and/or by e-mail on the 23rd day of February, 2015.

Mr. Eric S. Peabody
Ms. Catherine L. Hanna
Hanna & Plaut, L.L.P.
211 East Seventh Street
Suite 600
Austin, TX 78701

_____
Robert L. Collins